UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SOUTHERN UNIVERSITY SYSTEM
FOUNDATION

CASE NO. 14-cv-288-JJB-RLB

VERSUS

ANDRE HENDERSON AND
GARY SHELTON

## RULING ON MOTION TO DISMISS

Third Party Defendant, MillerCoors LLC, moves for this Court to dismiss all claims asserted against it by original Defendant and Third Party Plaintiff, Gary Shelton. (Doc. 39). MillerCoors LLC is one of the twelve Third Parties named by Mr. Shelton. (Doc. 6, at 17). All responsive briefs were considered for purposes of this ruling.

### STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is plausible when the plaintiff pleads "factual content" that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 663. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, U.S. at 557 (2007)). "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff." *Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)).

1

# FACTUAL ALLEGATIONS

The original lawsuit by Plaintiff, Southern University System Foundation, against Defendants, Andre Henderson and Gary Shelton, was first filed in state court. (Doc. 1-1, at 3). The original claims include those of trademark infringement, fraudulent registration, dilution, unfair competition, and unfair trade practices under the Lanham Act, and Louisiana trademark law. *Id*. Plaintiff claims that Defendants, by registering the BAYOU CLASSIC marks, seek to "commercially profit from the substantial goodwill long associated with THE BAYOU CLASSIC marks developed and promoted over the past few decades by Southern University, as opposed to Defendants' own products and services." *Id*. at 7. There are several other factual allegations asserted against Defendants in the original complaint. However, the original claims asserted against Defendants are not at issue in the motion considered herein.

Mr. Shelton, one of the two named defendants, asserts claims, in his capacity as a Third Party Claimant, against several third parties to the original suit. (Doc. 6, at 17-18). Mr. Shelton asserts these Third Party claims under Rule 14 of the Federal Rules of Civil Procedure. Mr. Shelton's Third Party Complaint asserts that the Third Parties have "contractual obligations with the Board of Supervisors for University of Louisiana on behalf of Grambling, Board of Supervisors for Southern University and Agricultural and Mechanical College and Southern University System Foundation for the 'Bayou Classic." (Doc. 6, at 17-18). In connection with these alleged contractual obligations, Mr. Shelton "alleges profits which have not inured to his benefit in spite of his rights in the subject rights concerning 'Bayou Classic'." *Id*. at 18. Further, Mr. Shelton claims damages "from his inability to benefit from the contractual obligations damages to include past, present and future losses of income and opportunity and earning capacity and all other damages to be determined at a trial in this matter." *Id*. Finally, Mr. Shelton

claims that he is "entitled to any and all injunctive relief where applicable and any benefits under the Cooperative Agreement and that all [Third Party] Defendants are jointly and solidarily liable…for all actual and constructive violations of Gary Shelton's rights and or protection" under the law. *Id*.

### **DISCUSSION**

MillerCoors moves to dismiss all claims asserted against it in the Third Party Complaint on the grounds that the complaint fails to state a claim upon which relief can be granted. (Doc. 39, at 2). Rule 14, as relied on by Mr. Shelton for his third party claims, permits a defendant to "serve a summons and complaint on a party who is or may be liable to it for all or part of the claims against it." *Id*. Thus, MillerCoors argues, Mr. Shelton must allege that MillerCoors is liable to Mr. Shelton for all or part of the original Plaintiff's trademark infringement claim against Mr. Shelton. *Id*. Rule 14 requires that the defendant show that "the third-party is liable to the defendant and that the liability is 'in some way derivative of the outcome of the main claim.'" (Doc. 39-1, at 2 quoting *CheckPoint Fluidic Sys. Int'l, Ltd. v. Guccione*, No. Civ.A. 10-4505, 2011 WL 3268386, at *5 (E.D. La. July 28, 2011)). Mr. Shelton's Third-Party Complaint does not allege a relationship or even interaction between MillerCoors and Mr. Shelton, specifically there is no allegation of such an interaction regarding the use of the BAYOU CLASSIC mark. (Doc. 39-1, at 3).

Outside of third-party claims asserted under Rule 14, Mr. Shelton also fails to state any cognizable claim against MillerCoors. (Doc. 39-1, at 1). Mr. Shelton failed to allege a legal obligation owed to him by MillerCoors, any conduct that would have violated such an obligation, or any injury to Mr. Shelton as a result of any such conduct. (Doc. 39, at 2). Even reading the factual allegations from Mr. Shelton's Third-Party Complaint as true, the complaint merely

asserts that MillerCoors has "contractual obligations" to the Foundation and others relating to THE BAYOU CLASSIC mark, and there are "profits which have not inured to [Mr. Shelton's] benefit." MillerCoors' understanding of the Complaint is that Mr. Shelton believes himself to be the true owner of THE BAYOU CLASSIC mark and is, therefore, due any monies MillerCoors has paid to the Foundation. (Doc. 39-1, at 4). Even if true, this does not support a third party claim against MillerCoors, but supports a theory of damages against the Foundation. *Id*.

In Mr. Shelton's Opposition (doc. 50), a claim of unjust enrichment is asserted against MillerCoors for the first time. This cause of action was not asserted in Mr. Shelton's Third Party Complaint and is, therefore, outside the bounds of the Motion to Dismiss considered herein. Mr. Shelton's new claim also relies on factual allegations that were not asserted in the original Third Party Complaint. For example, only in his Opposition has Mr. Shelton now claimed that MillerCoors has used the name "Bayou Classic" in its advertisements and should have known that Mr. Shelton was the owner of the trademark as it is public record. (Doc. 50, at 1-2). For the first time in his Opposition, Mr. Shelton claims that he has "no other remedy at law." *Id*. at 2. With regard to the pending motion, Mr. Shelton's Opposition does not respond to MillerCoors' argument that there is no proper Third Party Claim under Rule 14 asserted.

## **CONCLUSION**

Therefore, the Motion (doc. 39) to Dismiss the third party claims asserted against MillerCoors in Mr. Shelton's Third Party Complaint is **GRANTED** without prejudice to Defendant properly seeking and obtaining leave to amend from the Magistrate Judge.

Signed in Baton Rouge, Louisiana, on February 23, 2015.

                    **JUDGE JAMES J. BRADY**
                    **UNITED STATES DISTRICT COURT**
                    **MIDDLE DISTRICT OF LOUISIANA**