UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SOUTHERN UNIVERSITY SYSTEM
FOUNDATION

CASE NO. 14-cv-288-JJB-RLB

VERSUS

ANDRE HENDERSON AND
GARY SHELTON.

## RULING ON MOTION TO DISMISS

Third Party Defendant, American Airlines Inc., moves for this Court to dismiss all claims asserted against it by Third Party Plaintiff and original Defendant, Gary Shelton, and, alternatively, for a more definite statement. (Doc. 44). American Airlines is one of the twelve Third Parties named by Mr. Shelton. (Doc. 6, at 17). All responsive briefs were considered for purposes of this ruling.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is plausible when the plaintiff pleads "factual content" that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 663. When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. (quoting *Twombly*, U.S. at 557 (2007)). "In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff."

*Davis v. Bellsouth Telecomm.*, 2012 WL 2064699, at *1 (M.D. La. June 7, 2012) (citing *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996)).

## FACTUAL ALLEGATIONS

The original lawsuit by Plaintiff, Southern University System Foundation, against Defendants, Andre Henderson and Gary Shelton, was initially filed in state court. (Doc. 1-1, at 3). The original claims include those of trademark infringement, fraudulent registration, dilution, unfair competition, and unfair trade practices under the Lanham Act, and Louisiana trademark law. *Id*. Plaintiff claims that Defendants, by registering the BAYOU CLASSIC marks, seek to "commercially profit from the substantial goodwill long associated with THE BAYOU CLASSIC marks developed and promoted over the past few decades by Southern University, as opposed to Defendants' own products and services." *Id*. at 7. There are several other factual allegations asserted against Defendants in the original complaint. However, the original claims asserted against Defendants are not at issue in the motion considered herein.

Mr. Shelton, one of the two named defendants, asserts claims, in his capacity as a Third Party Plaintiff, against several third parties to the original suit. (Doc. 6, at 17-18). Mr. Shelton asserts these Third Party claims under Rule 14 of the Federal Rules of Civil Procedure. Mr. Shelton's Third Party Complaint asserts that the named Third Parties have "contractual obligations with the Board of Supervisors for University of Louisiana on behalf of Grambling, Board of Supervisors for Southern University and Agricultural and Mechanical College and Southern University System Foundation for the 'Bayou Classic." *Id*. In connection with these alleged contractual obligations, Mr. Shelton "alleges profits which have not inured to his benefit in spite of his rights in the subject rights concerning 'Bayou Classic'." *Id*. at 18. Further, Mr. Shelton claims damages "from his inability to benefit from the contractual obligations damages

2

to include past, present and future losses of income and opportunity and earning capacity and all other damages to be determined at a trial in this matter." *Id*. Finally, Mr. Shelton claims that he is "entitled to any and all injunctive relief where applicable and any benefits under the Cooperative Agreement and that all [Third Party] Defendants are jointly and solidarily liable…for all actual and constructive violations of Gary Shelton's rights and or protection" under the law. *Id*.

## DISCUSSION

American Airlines moves to dismiss all claims asserted against it in the Third Party Complaint on the grounds that the compliant fails to state a claim upon which relief can be granted. (Doc. 44, at 1). The factual allegations asserted by Mr. Shelton in his Third Party Complaint are summarized above. American Airlines argues that these allegations are insufficient to satisfy the pleading standard and are, instead, mere labels and conclusions. (Doc. 44-1, at 5). American Airlines points to, at least, nine deficiencies in Mr. Shelton's Third Party Complaint. *Id*. at 5-6. American Airlines urges that these deficiencies prevent Mr. Shelton from establishing a sufficient pled claim. *Id*. at 6. Further, there are no facts alleged to suggest any contractual relationship between American Airlines and Southern or Mr. Shelton during the timeframe when Mr. Henderson registered the trademarks and then assigned the trademarks to Mr. Shelton. *Id*.

In Mr. Shelton's Opposition (doc. 52), a claim of unjust enrichment is asserted against American Airlines for the first time. This cause of action was not asserted in Mr. Shelton's Third Party Complaint and is, therefore, outside the bounds of the Motion to Dismiss considered herein. Mr. Shelton's new claim also relies on factual allegations that were not asserted in the original Third Party Complaint. For example, only in his Opposition has Mr. Shelton now claimed that American Airlines has used the name "Bayou Classic" in its advertisements and

3

should have known that Mr. Shelton was the owner of the trademark as it is public record. (Doc. 52, at 1-2). For the first time in his Opposition, Mr. Shelton claims that he has "no other remedy at law." *Id*. at 2. Most relevant to the pending motion, Ms. Shelton's Opposition does not respond to American Airlines' argument that there is no proper third party claim under Rule 14 asserted in Mr. Shelton's Third Party Complaint.

## **CONCLUSION**

Therefore, the Motion (doc. 44) to Dismiss the Third Party Claims asserted against American Airlines in Mr. Shelton's Third Party Complaint is **GRANTED** without prejudice to Defendant properly seeking and obtaining leave to amend from the Magistrate Judge.

Signed in Baton Rouge, Louisiana, on February 23, 2015.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**