UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| SOUTHERN UNIVERSITY SYSTEM FOUNDATION | CIVIL ACTION |
| VERSUS | NO. 14-288-JJB-RLB |
| ANDRE HENDERSON, ET AL. | |

## NOTICE

Before the court is Defendant Gary Shelton's Motion to Compel Plaintiff's Responses to Initial Discovery (R. Doc. 85) filed on October 30, 2015. Defendant Shelton seeks an order requiring Plaintiff to respond to discovery propounded on June 24, 2015 (First Set of Interrogatories and Requests for Production of Documents), June 30, 2015 (Second Set of Requests for Production of Documents), and July 1, 2015 (Third Set of Requests for Production of Documents). (R. Doc. 85-1 at 2). The time for filing an opposition has not expired. *See* LR 7(f).

Defendant Shelton removed this action from state court on May 9, 2014. (R. Doc. 1). On February 25, 2015, the court issued a Scheduling Order setting the deadline to file all discovery motions and complete all discovery except experts on July 1, 2015 (R. Doc. 79), the date requested by the parties in a joint Status Report (R. Doc. 48 at 12-13). The court has not extended this deadline, nor have any parties sought to have this deadlines extended.

Pursuant to Local Rule 26(d)(2), "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline" and "[t]he responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline." LR 26(d)(2). The court's scheduling order established

July 1, 2015 as the deadline for completing all non-expert discovery.  The Federal Rules of Civil Procedure allow a party thirty days from service to respond to interrogatories and requests for production. Fed. R. Civ. P. 33(b)(2) (interrogatories); Fed. R. Civ. P. 34(b)(2)(A) (requests for production).   Accordingly, the discovery requests propounded by Defendant Sheldon on June 24, 2015; June 30, 2015; and July 1, 2015 are untimely, and Plaintiff had no duty to respond to these discovery requests.  LR 26(d)(2); *see also Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. March 12, 2008) (document requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (*i.e.*, thirty days from service of the Rule 34 request, or January 23, 2008"); *Borniski v. Texas Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (discovery served on eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery").

     Furthermore, pursuant to Local Rule 26(d)(1), "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery."  LR 26(d)(1).  Accordingly, the instant motion to compel, which was filed on October 30, 2015, approximately four months after the July 1, 2015 deadline to file such a motion, is also untimely.  *See* LR 26(d)(1); *see also Price v. Maryland Cas. Co.*, 561 F.2d 609, 611 (5th Cir. 1977) (denying motion to compel filed after the close of discovery where party had been "inexcusably dilatory in his efforts"); *Days Inn Worldwide, Inc. v. Sonia Investments*, 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed two weeks after the discovery deadline; motion should have been filed within discovery deadline);  *Wells v. Sears Roebuck and Co.*, 203

F.R.D. 240, 241 (S.D. Miss. 2001) ("[I]f the conduct of a respondent to discovery necessitates a motion to compel, the requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril.")).

In short, Defendant Shelton's motion to compel must be denied on the basis that (1) the underlying discovery at issue was untimely served, and (2) the motion itself was untimely filed. The court finds no exceptional circumstances for considering the untimely motion or basis for extending the discovery deadline.

For the foregoing reasons,

**IT IS ORDERED** that Defendant Gary Shelton's Motion to Compel Plaintiff's Responses to Initial Discovery (R. Doc. 85) is **DENIED.**

Signed in Baton Rouge, Louisiana, on November 4, 2015.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**